UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENDRA A. MCATEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO: ) |
| AKAL SECURITY, INC., | ) 1:09-cv-1346 DFH-DML ) |
| Defendant. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Kendra A. McAtee ("McAtee"), brings this action against Defendant, AKAL Security, Inc. ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 1981a; and the Age Discrimination in Employment Act ("ADEA").

## PARTIES

2. McAtee has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and does business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 42 U.S.C. 2000(e)-5(f) and 29 U.S.C. § 626(c).

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

6. McAtee was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(f).

7. McAtee satisfied her obligations to exhaust her administrative remedies, having

timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission. She received her "Dismissal and Notice of Rights" on her Charge and now timely files her lawsuit within 90 days after receipt of the Notice.

8. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. McAtee is female.

10. McAtee is over the age of 40.

11. Defendant hired McAtee on or about July 1, 2004, when it took over a four-state contract with the United States Department of Homeland Security Federal Protective Service. McAtee had worked on the contract in the position of Sergeant before Defendant took over.

12. McAtee's work performance met or exceeded Defendant's legitimate expectations at all relevant times as evidenced by repeated statements made by her Project Manager, Ernesto Cortina ("Cortina"), that she was doing a good job.

13. In or about November 2006, Defendant promoted McAtee to the Captain position. She managed the Indiana contract and supervised around 142 officers (134 men and 8 women).

14. Soon after Defendant promoted her, it created what she perceived to be a hostile work environment based on her sex. Defendant accorded less favorable and different treatment to her in the terms and conditions of her employment as compared with similarly-situated male Captains. Defendant provided no training or corporate support to her. Defendant disregarded her recommendations for discipline of subordinates on several occasions.

15. Defendant transferred the day-shift site supervisor at the second largest U.S. government facility to another shift, thereby requiring that McAtee manage the contract and act as

site supervisor. During a site visit inspection by Deputy Division Director, David Welliver ("Welliver"), in or about August 2007, Welliver noted that there were not enough supervisors to supervise the guards in Indiana. Despite this fact, Defendant did not provide additional supervisors or support to McAtee.

16. Defendant issued a Letter of Concern to McAtee about alleged areas of concern on or about October 10, 2007. A majority of the alleged areas had either been previously completed or were not part of her duties.

17. Captain Mike Lipetzky ("Lipetzky"), who supervised the Illinois contract, met with McAtee in Indianapolis in October 2007. Lipetzky told her that he would soon be promoted to Project Manager. She advised Lipetzky of the hostile environment to which Defendant had subjected her. Lipetzky asked McAtee to continue in her position.

18. On or about November 14, 2007, McAtee complained to Defendant about what she reasonably believed to be sexual harassment and a hostile environment created and maintained by Defendant.

19. On or about November 26, 2007, Rick Durham ("Durham"), Division Director, and Cortina placed McAtee on administrative leave for alleged timekeeping violations by her training instructors. Durham told McAtee that she was getting blamed for something she could not control.

20. On or about December 3, 2007, Lipetzky advised McAtee that Defendant had terminated her, effective November 30, 2007. Allegedly, Defendant had "lost confidence in [her] ability to properly manage/supervise at Indianapolis and to ensure compliance with all company policies and procedures."

21. Lipetzky later declared at a supervisors' meeting that McAtee had received a bad deal

and was basically set up for failure from the start with no training and support from Defendant.

22. On information and belief, Defendant replaced McAtee with and/or assigned her duties and responsibilities to a male. Defendant also transferred the site supervisor back to day shift, thereby requiring the new Captain to merely manage the contract, instead of serving as both manager and site supervisor.

23. Defendant took the adverse actions against McAtee based on her age and/or sex and/or in retaliation for her statutorily-protected conduct.

24. Defendant has accorded more favorable treatment to similarly-situated employees.

25. Any reason proffered by Defendant for the adverse employment actions it has taken against McAtee is pretextual.

26. McAtee has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

## SEX DISCRIMINATION –TITLE VII

27. McAtee hereby incorporates paragraphs 1-26 of her Complaint.

28. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of McAtee's rights as protected by Title VII.

## COUNT II

## AGE DISCRIMINATION – ADEA

29. McAtee hereby incorporates paragraphs 1-28 of her Complaint.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of McAtee's rights as protected by the ADEA.

## COUNT III

## RETALIATION – TITLE VII

31.     McAtee hereby incorporates paragraphs 1-30 of her Complaint.

32.     McAtee engaged in statutorily-protected conduct when she complained to Defendant about what she reasonably believed to be a hostile work environment based on sex.

33.     Defendant took adverse employment actions, including termination, against McAtee based on her statutorily-protected complaints.

34.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of McAtee's rights as protected by Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Kendra A. McAtee, by counsel, respectfully requests that this Court find for her and order that:

1.     Defendant reinstate McAtee to the same position, pay, benefits, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2.     Defendant pay lost wages and benefits to McAtee;

3.     Defendant pay compensatory and punitive damages to McAtee;

4.     Defendant pay liquidated damages to McAtee;

5.     Defendant pay pre- and post-judgment interest to McAtee;

6.     Defendant pay McAtee's attorneys' fees and costs incurred in litigating this action; and

7.  Defendant pay to McAtee any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*Denise LaRue*

Denise K. LaRue, Attorney No. 14877-49
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Kendra A. McAtee

HASKIN & LaRUE, LLP
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:  (317)955-9500
Facsimile:  (317)955-2570
Email:  dlarue@hlllaw.com
        bwilson@hlllaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Kendra A. McAtee, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*Denise LaRue*

Denise K. LaRue, Attorney No. 14877-49
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Kendra A. McAtee

HASKIN & LaRUE, LLP
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:  (317)955-9500
Facsimile:  (317)955-2570